UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEE R. CARTER,

                *Plaintiffs*,

-vs-

FRESENIUS KABI USA, LLC; U.S. EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION;
ANDREW SMITH; TERRI ASHBERRY;
JOHN BROTKA,

                *Defendants*.

**NOTICE OF REMOVAL**

Civil Action No.

---

PLEASE TAKE NOTICE that defendants Fresenius Kabi USA, LLC ("Fresenius Kabi"), Andrew Smith ("Smith"), Theresa Ashbery ("Ashbery")(incorrectly sued as "Terri Ashberry"), and Jonathan Brotka ("Brotka")(incorrectly sued as "John Brotka"), pursuant to the provisions of Section 1441 and 1446 of Title 28 of the United States Code, remove this action to the United States District Court for the Western District of New York and respectfully show that:

1. This action was commenced against defendants in the Supreme Court of the State of New York, County of Erie, by the filing of a Summons and Complaint on December 17, 2018, under Index No. 819583/2018. As required by Local Rule 81(a)(3)(A), an Index identifying each document filed and/or served in the state court action is attached hereto. A copy of the Summons and Complaint is attached at Exhibit 1.

2. Removal of this action from the Supreme Court of the State of New York, County of Erie, to this Court is proper under Section 1441(a) of Title 28 of the United States Code, as this Court has original jurisdiction, under Section 1331 of Title 28 of the United States Code, over the claims asserted in the action. Specifically, all of the claims asserted in the Complaint arise under the Constitution, laws, or treaties of the United States.

3. This Notice of Removal is timely because Defendant Ashbery was first served with the Summons and Complaint on August 15, 2019, Defendant Brotka on August 16, 2019, and Defendant Smith on August 17, 2019. Service on Defendant Fresenius Kabi was attempted by Plaintiff on August 15, 2019 but the Summons and Complaint were not served in accordance with Section 311-a of the New York Civil Practice Law & Rules or Section 303 of the New York Limited Liability Company Law. Upon information and belief, to date, Defendant United States Equal Employment Opportunity Commission has not been served. This Notice of Removal is being filed within thirty (30) days of service of the Summons and Complaint.

4. As reflected in the Index attached hereto, the documents filed and/or served to date in the state court action are the Summons and Complaint (a copy of which is attached at Exhibit 1); a Request for Judicial Intervention filed by Plaintiff for approval to proceed as a poor person (a copy of which is attached at Exhibit 2); the Plaintiff's Affidavit in Support of Application to Proceed as a Poor Person (a copy of which is attached at Exhibit 3); and the June 25, 2019 Order of Hon. Catherine Nugent Panepinto, Justice of the Supreme Court of New York, County of Erie, granting Plaintiff's Application to Proceed as a Poor Person (a copy of which is attached at Exhibit 4).

**DATED:** September 4, 2019    **BARCLAY DAMON LLP**

By: /s/ Robert P. Heary
Robert P. Heary
Arianna E. Kwiatkowski

The Avant Building
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 856-5500
Facsimile: (716) 856-5510
E-mail: rheary@barclaydamon.com
akwiatkowski@barclaydamon.com

*Attorneys for Defendants Fresenius Kabi USA, LLC, Andrew Smith, Theresa Ashbery, and Jonathan Brotka*

18997456.1

## **INDEX**

Exhibit 1 -   Summons and Complaint filed in New York State Supreme Court, County of Erie under Index No. 819583/2018

Exhibit 2 -   Request for Judicial Intervention filed by Plaintiff for Approval to Proceed as a Poor Person

Exhibit 3 -   Application of Plaintiff to Proceed as a Poor Person

Exhibit 4 -   Order of Hon. Catherine Nugent Panepinto, Justice of the Supreme Court of New York, County of Erie, granting Plaintiff's Application to Proceed as a Poor Person

# EXHIBIT 1

SUPREME COURT: STATE OF NEW YORK
COUNTY OF ERIE
_____

LEE R. CARTER,

                Plaintiff,

     versus

FRESENIUS KABI USA,LLC; U.S.EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)
CHARGE NO. 525-2018-00993; ANDREW SMITH,
Supervisor; TERRI ASHBERRY, Human Resource
Representative; JOHN BROTKA, Manager,

                          Defendants.
_____

FILED
ACTIONS & PROCEEDINGS
DEC 17 2018
ERIE COUNTY
CLERK'S OFFICE

SUMMONS
Date summons filed:
_____

Index No._____
Plaintiff designates
Erie County as the
place of trial. The
basis for venue is the
material events occurred
in Erie County.

## ACTION TO RECOVER DAMAGES FOR CIVIL RIGHTS VIOLATIONS

To the above named Defendants:

    YOU ARE HEREBY SOMMONED to serve a notice of appearance on the Plaintiff LEE R. CARTER within twenty (20) days after the service of this summons and complaint (or within thirty (30) days after service is complete if this summons is not delivered to you within the State of New York); and in case of your failure to appear,judgment will be taken against you by default for the relief demanded in the notice set forth below and the within complaint.

Dated: December 16, 2018

                                               _/s/ Lee Carter_____
                                             Lee R. Carter,Pro Se
                                             1046 Garden Avenue
                                             Niagara Falls,New York
                                             14305

NOTICE: The nature of this action is an action to recover damages for civil rights violations arising out of employment discrimination, retaliatory acts against me for making complaints,racial class-based invidious discrimination violative of Title VII of the Civil Rights Act of 1964, the Uniformed Services Employment & Reemployment Rights Act of 1994 (USERRA),42 USC §§ 1981(a),1985(3),U.S. Constitution Amendment 14,and the Equal Pay Act (EPA).

FILED
ACTIONS & PROCEEDINGS
DEC 17 2018
ERIE COUNTY
CLERK'S OFFICE

SUPREME COURT: STATE OF NEW YORK
COUNTY OF : ERIE

LEE R. CARTER,

CIVIL COMPLAINT

                    Plaintiff,

versus

FRESENIUS KABI USA, LLC; U.S.EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION+(EEOC)
CHARGE NO. 525-2018-00993; ANDREW SMITH,
Supervisor; TERRI ASHBERRY, Human Resource
Representative; JOHN BROTKA, Manager,

Index No._____

                    Defendants.

## JURISDICTION

1. This is a civil complaint seeking monetary damages and equitable relief following the Dismissal and Notice of Rights to Sue by the U.S. Equal Employment Opportunity Commission (EEOC) which was preceded by investigation and determination provided under Title VII of the Civil Rights Act of 1964 which prohibits employment practices that discriminate because of race, color, nationality, sex, and religion. The Section also enforces the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA") against state and local government and private employers. These sections bring suits against employers who retaliate against individuals for opposing any employment practice that would violate Title VII of USERRA, for filing a charge or complaint, or for participating in a suit or other proceeding relating to a charge or complaint of employment discrimination. I also seek backpay under the EPA(Equal Pay Act)

2. PLAINTIFF'S INFPORATION: Plaintiff LEE R. CARTER is an African-American whose mailing address is:

3. DEFENDANT: Defendant FRESENIUS KABI USA,LLC, was at the relevant times the employer of plaintiff Defendant's address is:

4. DEFENDANT: Defendant Equal Employment OpportunityCommission (EEOC) is located at 300 Pearl Street, Suite 450, Buffalo, New York 14202.

5. DEFENDANT: Defendant ANDREW SMITH was at the relevant time Supervisor at Fresenius Kabi USA,LLC, 3159 Staley Road,Grand Island,N.Y. 14072.

1

6. DEFENDANT: Defendant TERRI ASHBERRY Human Resource Representative was at the relevant times employed at Fresenius Kabi, 3159 Staley Road, Grand Island, N.Y. 14072.

7. DEFENDANT: Defendant JOHN BROTKA, Manager, was at the relevant times employed at Fresenius Kabi, 3159 Staley Road, Grand Island, N.Y. 14072.

8. Defendants are being sued for employment practices that discriminate because of race, color, nationality; and acts of retaliation against me because of my valid complaint about being moved from my line 4 Qualified Capper position by defendant Andrew Smith which resulted in my being restored to my line 4 Qualified Capper position but shortly thereafter being fired/terminated from employment altogether using pretextual bases claiming that I was on luch braak 10 minutes overtime (excessive lunch break) while virtually all employees take excessive lunch breaks without any punitive consequences and certainly without being fired/terminated based on a one-time incident such as occurred in this case. The EEOC in a letter dated 9/13/2018 and received by me 9/18/2018 signed by John E. Thomas, Jr., Director of Buffalo Office, notified me that I was unable to establish a connection between race discrimination and my termination from employment and, therefore, all of my claims were dismissed although it was noted that no certification was being made that Fresenius Kabi was in compliance with the relevant statutes.

9. I believe that the dismissal of my complaint was serious error by the EEOC and that there exists sufficient basis in the facts and applicable laws to sustain claims of race discrimination and retaliatory acts of employers and superiors against me for opposing my removal from my long-held line 4 Qualified Capper position to a line 3 position which I successfully complained of.

SUPPORTING FACTS AND EVENTS

10. I was employed by Fresenius-Kabi USA LLC as Qualified Capper running line 4 at 3159 Staley Road, Grand Island, N.Y. 14072. I held this position from 6/20/2016 to 5/8/2018.

11. Defendant Supervisor Andrew Smith (caucasion male) arbitrarily moved me from line 4 to live 3 on 5/9/2018 where I remained until 5/16/2018. I complained to Human Resourse Representative Defendant Terri Ashberry about the movement from line 4 to line 3 and on 5/16/2018n I was returned to line 4 Qualified Capper.

12. On 5/21/2018 I was fired/terminated from my employment with Fresenius-Kabi USA LLC based on a claim that I was on lunch break ten (10) minutes longer than allowed. This was a pretextual firing used to conceal the race-discrimination and retaliation against me for having complained about my 5/9/2018 removal from line 4 Qualified Capper.

2

13. Defendants Terri Ashberry and John Brotka took part in the firing.

14. Defendant Andrew Smith is the caucasuon male that removed me from line 4 Qualified Capper to line 3. Andrew Smith is also the person behind me being fired for the pretextual reason of excessive lunch break.

15. My termination of employment came in the wake of my complaint about being moved from line 4 cQualified Capper by defendant Andrew Smith.

16. In fact, the normal procedure when a person takes an excessive lunch break (which was only ten minutes in my case) is a warning, not a termination of employment.

17. In fact, I spoke to another Supervisor at Fresensus Kabi USA LLC who informed me that almost all employees there take excessive luch breaks and that firing/termination of employment is highly improper for a first time excessive break.

18. In fact the videocameras at the Fresenius Kabi AUSA LLC from the days before and after my alleged excessive lunch break will disclose that many employees took excessive lunch breaks.

19. The fact that I was singled out for the highly unusual termination of employment while others were not even disciplined at all lends great support to my contentions of race-discrimination and retaliation caused and effected by caucasion acters Andrew Smith, Terri Ashberry and John Brotka.

20. According to defendant Andrew Smith he claims at first that the excessive lunch break occurred on 5/10/2018 but he changed the date to 5/11/2018.

21. I worked 12 hour shifts and was entitled to two 50 minute breaks. The ten minute overtime of my break was clearly not valid justification for my being terminated from employment particularly in view of the indisputable fact that virtually all employees take excessive lunch breaks with no adverse consequences and certainly without termination from employment.

22. I also had a legitimate reason for the ten minutes which was that I had to use the mens room and did not desserve termination from employment on this basis.

23. I am also seeking backpay under the EPA (Equal Pay Act) dating back to 5/21/2018 (the date of my termination from employment)

CLAIMS

24. Adopting the allegations set forth in paragraphs 1-22, supra, I make the following claims.

25. Defendants discriminated against me because of race, color or nationality in violation of the provisions under Title VII of the Civil Rights Act of 1964.

26. The Defendants retaliated against me for opposing employment practice and participating in a complaint about employment in violation of the USERRA (Uniformed Services Employment and Reemployment Rights Act of 1994.

27. The defendants deprived me of equal protection of the laws in violation of the 14th Amendment of the U.S. Constitution.

28. The defendants deprived me of the full and equal benefit of the law accorded to white persons and the right to "like punishment ...(and) no other" 42 USC §1981(a)

29. Defendants acted with class-based invidiously discriminatory animus to deny me equal protection of the law actionable under 42 USC §1985(3).

30. Defendants deprived me of equal pay rights under the EPA (Equal Pay Act) dating from the date of my employment termination of 5/21/2018 forward.

31. All defendants named herein are caucasion/non Blacks who acted in concert to cause and assist in having my employment terminated. This also includes EEOC Representative Ms. Sanchez who made false representations to me that she interviewed an employee witness on my behalf named Robert Burnett despite the fact that he says no such interview occurred. Yet the EEOC has claimed no race discrimination can be found and has dismissed my case.

RELIEF DEMANDED

1. Two hundred thousand dollars compensatory damages to be assessed against defendants jointly and severally; 2. Two hundred thousand dollars punitive damages to be assessed against defendants jointly and severally; 3. assess damages on each count set forth as specified under paragraphs 1-2 herein at two hundred thousand dollars; 4. grant plaintiff backpay dating back to the termination o my employment of 5/21/2018; 5. grant such further relief as may be deemed just and equitable.

Sworn To Before Me This

17 Day of Dec, 2018

NOTARY PUBLIC

DAVID G. HENRY
Notary Public, State of New York
Reg. No. ... Erie County
My Commission Exp. July 14, 20__

Lee R. Carter
1046 Garden Avenue
Niagara Falls, New York
14305

4

# EXHIBIT 2

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (7/2012)

SUPREME COURT, COUNTY OF: ERIE

Index No: _____ Date Index Issued: ___/___/___

**For Court Clerk Use Only:**
IAS Entry Date
Judge Assigned
RJI Date

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

LEE R. CARTER

Plaintiff(s)/Petitioner(s)

-against-

FRESENIUS KABI USA LLC; U.S. Equal Employment Opportunity Commission (EEOC) Charge No. 525-2018-00993; Andrew Smith, Supervisor; Terry Ashberry, Human Resource Representative; John Brotka, Manager.

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check ONE box only and specify where indicated.

**MATRIMONIAL**
- [ ] Contested
  NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- [ ] Asbestos
- [ ] Breast Implant
- [ ] Environmental: _____ (specify)
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability: _____ (specify)
- [ ] Other Negligence: _____ (specify)
- [ ] Other Professional Malpractice: _____ (specify)
- [x] Other Tort: Title 7, civil rights complaint (specify)

**OTHER MATTERS**
- [ ] Certificate of Incorporation/Dissolution [see NOTE under Commercial]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other: _____ (specify)

**COMMERCIAL**
- [ ] Business Entity (including corporations, partnerships, LLCs, etc.)
- [ ] Contract
- [ ] Insurance (where Insurer is a party, except arbitration)
- [ ] UCC (including sales, negotiable instruments)
- [ ] Other Commercial: _____ (specify)

NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

**REAL PROPERTY:** How many properties does the application include? ___
- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):  [ ] Residential  [ ] Commercial
  Property Address: _____
  NOTE: For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- [ ] Tax Certiorari - Section: ____ Block: ____ Lot: ____
- [ ] Tax Foreclosure
- [ ] Other Real Property: _____ (specify)

**SPECIAL PROCEEDINGS**
- [ ] CPLR Article 75 (Arbitration) [see NOTE under Commercial]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene: _____ (specify)
- [ ] Other Special Proceeding: _____

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for EVERY question AND enter additional information where indicated:

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | [x] | [ ] | If yes, date filed: ___/___/___ |
| Has a summons and complaint or summons w/notice been served? | [ ] | [x] | If yes, date served: ___/___/___ |
| Is this action/proceeding being filed post-judgment? | [x] | [ ] | If yes, judgment date: ___/___/___ |

1 of 2

**NATURE OF JUDICIAL INTERVENTION:** Check ONE box only AND enter additional Information where indicated.

- [ ] Infant's Compromise
- [ ] Note of Issue and/or Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: ___/___/___
- [ ] Notice of Motion        Relief Sought: _____    Return Date: ___/___/___
- [ ] Notice of Petition      Relief Sought: _____    Return Date: ___/___/___
- [ ] Order to Show Cause     Relief Sought: _____    Return Date: ___/___/___
- [ ] Other Ex Parte Application   Relief Sought: _____
- [x] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other (specify): Title 7, civil Rights, discrimination, Equal Pay Act

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| none | | | | |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the RJI Addendum.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| [x] | Name: Lee R. Carter  Role(s): Plaintiff | Lee R. Carter, 1046 Garden Ave., Niagara Falls, N.Y. 14305 | ☐ YES  [x] NO | |
| [ ] | Name: Fresenius Kabi USA LLC  Role(s): Defendant | | ☐ YES  ☐ NO | |
| [ ] | Name:  Role(s): | | ☐ YES  ☐ NO | |
| [ ] | Name:  Role(s): | | ☐ YES  ☐ NO | |
| [ ] | Name:  Role(s): | | ☐ YES  ☐ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 12/17/2018

_____  
SIGNATURE

N/A  
ATTORNEY REGISTRATION NUMBER

Lee R. Carter  
PRINT OR TYPE NAME

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

----

In the Matter of the Application of

LEE R. CARTER,
(Insert your name)        Plaintiff/Petitioner

For Permission to Prosecute as a Poor
Person a Matter against

                **AFFIDAVIT IN SUPPORT**
               **APPLICATION TO PROCEED**
                  **AS A POOR PERSON**

                Index No. _____

_____,
Defendant(s)/Respondent(s)

----

STATE OF NEW YORK
COUNTY OF ERIE  ss:
(County where notarized)

Lee R. Carter, being duly sworn, says:
(Insert your name)

1. I am the PLAINTIFF. I reside at
(Insert one - plaintiff / petitioner / defendant / respondent)

1046 Garden Ave Nia Falls in the County of Niagara
(Insert street address, city/town/village, state and zip code)        (Insert name of county)

and State of New York.

2. I am about to commence a Title 7 Civil Rights for:
(Insert commence or defend)    (Insert lawsuit or special proceeding)

Title 7, civil rights, discrimination, Retaliation
(Briefly describe the nature of the relief sought)

EPA (Equal Pay Act
_____.

This lawsuit is based upon: see complaint annexed hereto
(Describe briefly the factual basis for the lawsuit/special proceeding about to be **commenced**/defended)

3. My sole source of income is: none
(State in detail how you earn (receive) all of your income)

I earn $ none per none

(Submit proof of the amount, for example: employer's pay stub, W-2 stub, Social Services ID)

4. I support myself and none others in my household.
(Insert actual number of people)

5. My property and their values are as follows: none
(Describe in detail)

_____ 6. I make this application pursuant to Section 1101 of the Civil Practice Law and Rules upon the ground that I am unable to pay costs, fees and expenses necessary to pursue/defend the case and am unable to obtain the funds to do so, and unless an order is entered relieving me from the obligation to pay, I will be unable to prosecute/defend the case.

7. No other person is beneficially interested in the recovery sought herein.

8. No previous application for the same or similar relief has been made by me in this case except: none

2

_____

_____

_____

(If any prior request has been made, provide a description of where, when and by whom the request was made, the result, and if the application was unsuccessful, why you believe you are entitled to apply again.)

WHEREFORE, I respectfully ask for an order permitting me to prosecute /defend this action/special proceeding as a poor person.

_____
(Sign your name in the presence of a Notary Public)

LEE R. CARTER
(Print your name)

Sworn to before me this

_17_ day _Dec_ of, 20_18_

_____
Notary Public

DAVID G. HENRY
Notary Public, State Of New York
Qualified In Erie County
My Commission Expires July 14, 2019

3

# EXHIBIT 4

At IAS Part __2__ of the Supreme Court of the State of New York, held in and for the County of __Erie__ at the Courthouse, __92 Franklin St__, __Buffalo__, New York the __25__ day of __June__, 20__19__.

PRESENT: HON. __Catherine Nugent Panepinto__
Justice of the Supreme Court

---

In the Matter of the Application of

__Lee R Carter__,
(Insert your name)           Plaintiff(s)/Petitioner(s)

For Permission to Prosecute as a Poor Person a Matter against

ORDER

Index No. __819583/2018__

_____,
Defendant(s)/Respondent(s)

---

Upon the annexed affidavit of __Lee R Carter__,
(Insert your name)

sworn to __December 17__ 20__18__, the __verified complaint__ and the certificate
(Insert date affidavit sworn to before notary)   (Insert: verified complaint / petition / motion)

of ~~_____~~ ESQ. dated ~~_____~~.
(Insert name of attorney & date if submitted. If not, leave blank.)

And it being alleged that said __Lee R Carter__ has a good
(Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s))

cause of action or claim or defense based upon __Affidavit for Poor__
(Briefly describe the underlying facts of your cause of action or claim)

__Person__
_____.

And it being alleged that he/she is unable to pay the costs, fees and expenses to prosecute/defend this action, and that there is no other person beneficially interested in the action thereof,

1 of 2

Now on motion of __Lee R Carter__, ~~(Insert: plaintiff(s) / petitioner(s) / defendant(s) /respondent(s))~~
(Insert your name)

it is hereby

ORDERED that:

A. The motion is denied on the grounds that the _____ failed to make
(Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s))

    1 ___ A sufficient showing of a meritorious cause of action/defense and/or

    2 ___ A sufficient showing of indigence

Papers may be resubmitted upon payment of fees, in a timely manner

-OR-

B. ✓ The motion is granted and ~~the~~ _____ __Lee R Carter__
(Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s))   (Insert your name)

(is)/ are ___ permitted to proceed herein as a poor person(s), and it is further

ORDERED that the County Clerk shall make no charge in connection with the prosecution/defense of this matter/proceeding, and it is further

ORDERED that any recovery by judgment or settlement in favor of the _____ shall be paid to the Clerk of the Court to await distribution
(Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s))

pursuant to court order.

6/25/19

Hon. __CATHERINE NUGENT PANEPINTO, JSC__
JUSTICE OF SUPREME COURT