UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____



Lee R. Carter,

        Plaintiff,

   v.                                       19-CV-1183 (JLS) (HBS)

Fresenius Kabi USA, LLC, et al.,

        Defendants.
_____

### DECISION AND ORDER

*Pro se* Plaintiff Lee Carter commenced this action under several statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–4333 and 5 U.S.C. § 8432b; 42 U.S.C. §§ 1981(a) and 1985(3); the Fourteenth Amendment; and the Equal Pay Act of 1963, Pub. L. 88–38, 77 Stat. 56 (1963). On September 4, 2019, Defendants Fresenius Kabi USA, LLC and the individuals sued as Andrew Smith, Terri Ashberry, and John Brotka (collectively, the "Fresenius Defendants") removed this case to the Western District of New York from New York Supreme Court, Erie County.  Dkt. 1.  Carter also sued Defendant United States Equal Employment Opportunity Commission ("EEOC").

On September 20, 2019, the Court[1] referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 17. On September 11, 2019, the Fresenius Defendants moved to dismiss. *See* Dkt. 7; *see also* Dkts. 8-15. Carter responded on November 7, 2019 (Dkt. 19) and the Fresenius Defendants replied on November 20, 2019 (Dkt. 21; *see also* Dkt. 22-23).

In addition, the EEOC moved to dismiss for lack of jurisdiction and for failure to state a claim on September 20, 2019. Dkt. 16. Carter responded on November 7, 2019. Dkt. 19. The EEOC replied on November 13, 2019. Dkt. 20. Carter filed an additional response on December 11, 2019. Dkt. 24.

On May 8, 2020, Judge Scott issued a Report and Recommendation ("R&R") recommending that the Court grant the EEOC's motion to dismiss (Dkt. 16) and further grant the Fresenius Defendants' motion to dismiss (Dkt. 7) except to allow the following claims to proceed to discovery: one claim against Fresenius for racial discrimination and retaliation under Title VII; and one claim against Fresenius for racial discrimination and retaliation under 42 U.S.C. § 1981(a), by way of 42 U.S.C. § 1983. Dkt. 26 at 15. Judge Scott recommended that the Court grant Carter 60 days to file an amended complaint with the above surviving claims and to serve Fresenius properly under Federal Rule of Civil Procedure 4(h). *Id.*

---

[1] The Honorable Lawrence J. Vilardo was originally assigned to this case and made the referral to Magistrate Judge Scott. Dkt. 17. On January 5, 2020, this case was reassigned to the undersigned. Dkt. 25.

On June 2, 2020, Carter objected to the R&R. Dkt. 27. In his Objection, Carter requested that the Court appoint "the United States[] Marshal's Office . . . to effect proper service on Fresenius." *See id.* at 1, ¶ 2; *see also id.* at 3, ¶ 11 (requesting that the Court enter "an order that directs the United States Marshal to serve any amended complaint . . . ."). He also requested that the Court "allow[] [him] to add EEOC representative Ms. Sanchez as a defendant." *Id.* at 3, ¶ 11. The EEOC responded on June 12, 2020 (Dkt. 29) and the Fresenius Defendants responded on June 16, 2020 (Dkt. 30).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge Scott's recommendation to grant the EEOC's motion in its entirety and to grant the Fresenius Defendants' motion except to allow one claim against Fresenius for racial discrimination and retaliation under Title VII and another claim against Fresenius for racial discrimination and retaliation under 42 U.S.C. § 1981(a), by way of 42 U.S.C. § 1983, to proceed to discovery.

In addition, the Court grants Carter's request for the United States Marshals to serve his amended complaint on Defendant Fresenius Kabi USA, LLC within 60-days. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal . . . ."). Unless Carter moves for (and is granted) leave to proceed in this Court *in forma pauperis*, however, Carter is required to pay the $8.00 service fee to the United States Marshal for the Western District of New York.[2] Carter must pay this service fee before the amended complaint will be served for him.

The Court denies Carter's request in his Objection to the R&R to "add EEOC representative Ms. Sanchez as a defendant." Dkt. 27 at 3, ¶ 11. Carter's request to amend his complaint to add Ms. Sanchez as a defendant must be made, on motion, to Judge Scott.

## CONCLUSION

For the reasons stated above and in the Report and Recommendation, the EEOC's motion to dismiss (Dkt. 16) is GRANTED. The Fresenius Defendants' motion to dismiss (Dkt. 7) is GRANTED in part. Carter has 60 days to file an amended complaint with the surviving claims as discussed above and in the Report

---

[2] This service fee must be paid by money order or certified check; cash or personal checks will not be accepted. In addition, Carter must provide the U.S. Marshals with all necessary papers for service, including completed U.S. Marshal forms and summons forms (which are attached to this Decision and Order). Nonetheless, Carter is advised that the 60-day deadline to serve the amended complaint is his responsibility. If service has not been accomplished near the time that this deadline is approaching, it is Carter's responsibility to contact the U.S. Marshals at (716) 348-5300 to ensure timely service.

and Recommendation: one claim against Fresenius for racial discrimination and retaliation under Title VII; and one claim against Fresenius for racial discrimination and retaliation under 42 U.S.C. § 1981(a), by way of 42 U.S.C. § 1983.

The Court grants Carter's request for the United States Marshals to serve his amended complaint on Defendant Fresenius Kabi USA, LLC within 60-days.  Upon receipt of the certified copy of this Decision and Order, **Carter must submit a copy of this Decision and Order, the completed U.S. Marshal forms, the completed summons forms, and his amended complaint to the U.S. Marshal for service upon Defendant Fresenius Kabi USA, LLC.**  Pursuant to Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshal is hereby directed to collect the service fee from Carter (unless he moves for, and is granted, leave to proceed *in forma pauperis*) and, upon its receipt, serve the Summons and Amended Complaint upon Defendant Fresenius Kabi USA, LLC.

Carter's request to amend his complaint to add Ms. Sanchez as a defendant is denied.  Such a request must be made, on motion, to Judge Scott.

The case is referred back to Judge Scott for further proceedings consistent with the referral order of September 20, 2019.  *See* Dkt. 17.

SO ORDERED.

Dated:     August 4, 2020
           Buffalo, New York

                                                s/John L. Sinatra, Jr.
                                                JOHN L. SINATRA, JR.
                                                UNITED STATES DISTRICT JUDGE