SUPREME COURT: STATE OF NEW YORK
COUNTY OF : ERIE

LEE R. CARTER,

                Plaintiff,

versus

FRESENIUS KABI USA , LLC
CHARGE NO. 525-2018-00993; ANDREW SMITH,
Supervisor; TERRI ASHBERRY, Human Resource
Representative; JOHN BROTKA, Manager,

                Defendants.

CIVIL COMPLAINT

Index No. _____

## JURISDICTION

1. This is a civil complaint seeking monetary damages and equaitable relief following the Dismissal and Notice of Rights to Sue by the U.S. Equal Employment Opportunity Commission (EEOC) which was preceded by investigation and determination provided under Title VII of the Civil Rights Act of 1964 which prohibits employment practices that discriminate because of race, color, nationality, sex, and religion. The Section also enforces the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA") against state and local government and private employers. These sections bring suits against employers who retaliate against individuals for opposing any employment practice that would violate Title VII of USERRA, for filing a charge or complaint, or for participating in a suit or other proceeding relating to a charge or complaint of employment discrimination. I also seek backpay under the EPA (Equal Pay Act)

2. PLAINTIFF'S INFPORATION: Plaintiff LEE R. CARTER is an African-American whose mailing address is: 1046 Garden Avenue, **Niagara Falls, New York 14305**

3. DEFENDANT: Defendant FRESENIUS KABI USA, LLC, was at the relevant times the employer of plaintiff Defendant's address is: 3159 Staley Road, Grand Island N.Y. 14027.

4. DEFENDANT: Defendant FRESENIUS KABI, LLC, has Limited Liability Company at: N.Y. Dept. of State, One Commerce Plaza, 99 Washington Avenue, 6th Floor, Albany, New York 12231

5. DEFENDANT: Defendant ANDREW SMITH was at the relevant time Supervisor at Fresenius Kabi USA, LLC, 3159 Staley Road, Grand Island, N.Y. 14072.

1

6. DEFENDANT: Defendant TERRI ASHBERRY Human Resource Representative was at the relevant times employed at Fresenius Kabi, 3159 Staley Road, Grand Island, N.Y. 14072.

7. DEFENDANT: Defendant JOHN BROTKA, Manager, was at the relevant times employed at Fresenius Kabi, 3159 Staley Road, Grand Island, N.Y. 14072.

8. Defendants are being sued for employment practices that discriminate because of race, color, nationality; and acts of retaliation against me because of my valid complaint about being moved from my line 4 Qualified Capper position by defendant Andrew Smith which resulted in my being restored to my line 4 Qualified Capper position but shortly thereafter being fired/terminated from employment altogether using pretextual bases claiming that I was on luch braak 10 minutes overtime (excessive lunch break) while virtually all employees take excessive lunch breaks without any punitive consequences and certainly without being fired/terminated based on a one-time incident such as occurred in this case. The EEOC in a letter dated 9/13/2018 and received by me 9/18/2018 signed by John E. Thomas, Jr., Director of Buffalo Office, notified me that I was unable to establish a connection between race discrimination and my termination from employment and, therefore, all of my claims were dismissed although it was noted that no certification was being made that Fresenius Kabi was in compliance with the relevant statutes.

9. I believe that the dismissal of my complaint was serious error by the EEOC and that there exists sufficient basis in the facts and applicable laws to sustain claims of race discrimination and retaliatory acts of employers and superiors against me for opposing my removal from my long-held line 4 Qualified Capper position to a line 3 position which I successfully complained of.

## SUPPORTING FACTS AND EVENTS

10. I was employed by Fresenius-Kabi USA LLC as Qualified Capper running line 4 at 3159 Staley Road, Grand Island, N.Y. 14072. I held this position from 6/20/2016 to 5/8/2018.

11. Defendant Supervisor Andrew Smith (caucasion male) arbitrarily moved me from line 4 to live 3 on 5/9/2018 where I remained until 5/16/2018. I complained to Human Resourse Representative Defendant Terri Ashberry about the movement from line 4 to line 3 and on 5/16/2018n I was returned to line 4 Qualified Capper.

12. On 5/21/2018 I was fired/terminated from my employment with Fresenius-Kabi USA LLC based on a claim that I was on lunch break ten (10) minutes longer than allowed. This was a pretextual firing used to conceal the race-discrimination and retaliation against me for having complained about my 5/9/2018 removal from line 4 Qualified Capper.

13. Defendants Terri Ashberry and John Brotka took part in the firing.

14. Defendant Andrew Smith is the caucasuon male that removed me from line 4 Qualified Capper to line 3. Andrew Smith is also the person behid me being fired for the pretextual reason of excessive lunch break.

15. My termination of employment came in the wake of my complaint about being moved from line 4 Qualified Capper by defendant Andrew Smith.

16. In fact, the normal procedure when a person takes an excessive lunch break (which was only ten minutes in my case) is a warning, not a termination of employment.

17. In fact, I spoke to another Supervisor at Fresensus Kabi USA LLC who informed me that almost all employees there take excessive luch breaks and that firing/termination of employment is highly improper for a first time excessive break.

18. In fact the videocameras at the Fresenius Kabi AUSA LLC from the days before and after my alleged excessive lunch break will disclose that many employees took excessive lunch breaks.

19. The fact that I was singled out for the highly unusual termination of employment while others were not even disciplined at all lends great support to my contentions of race-discrimination and retaliation caused and effected by caucasion acters Andrew Smith, Terri Ashberry and John Brotka.

20. According to defendant Andrew Smith he claims at first that the excessive lunch break occurred on 5/10/2018 but he changed the date to 5/11/2018.

21. I worked 12 hour shifts and was entitled to two 50 minute breaks. The ten minute overtime of my break was clearly not valid justification for my being terminated from employment particularly in view of the indisputable fact that virtually all employees take excessive lunch breaks with no adverse consequences and certainly without termination from employment.

22. I also had a legitimate reason for the ten minutes which was that I had to use the mens room and did not desserve termination from employment on this basis.

23. I further point out the fact that EEOC Representative Ms. Sanchez made false statements to me that she interviewed my requested witness Robert Burnett which was belied by Mr. Burnett who stated he was not so interviewed. Ms Sanchez' false claim bespeaks of fraud, conspiracy and attempts to cover up and deny me equal protection of the law and a fair hearing.

CLAIMS

24. Adopting the allegations set forth in paragraphs 1-23, supra, I make the following claims:

25. Defendant Fresenius perpetrated acts of racial discrimination and retaliation against me under Title VII.

26. Defendant Fresenius perpetrated racial discrimination and retaliation against me actionable under 42 USC §1981(a) by way of 42 USC §1983.

27. Defendants inflicted great mental pain and suffering on me and caused me to be without employment for over two years which I seek substantial compensatory and punitive damages for.

AD DAMNUM CLAUSE

1. Plaintiff demands a jury trial; 2. Plaintiff demands two hundred thousand dollars compensatory damages to be assessed jointly and severally against defendants; and two hundred thousand dollars punitive damages to be assessed jointly and severally against defendants on each count or cause of action set forth; 3. Plaintiff further demands back pay for the entire period of time dating from 5/21/2018, the date of the wrongful termination of employment, to the present date and reinstatement of his job and position and all rights and benefits that would have accrued absent the wrongful termination of employment; 4. Plaintiff requests such further relief as may be deemed just and equitable.

SWORN TO BEFORE ME THIS
8TH DAY OF September, 2020

_____
NOTARY PUBLIC

TERESA M. WOJTON
Notary Public - State of New York
No. 01WO6262705
Qualified in Niagara County
My Commission Exp. 05/29/2024

_____
Lee R. Carter (Pro Se)
1046 Garden Avenue
Niagara Falls, New York
14305

4

September 13, 2020                         Mr. Lee R. Carter (Pro Se)
                                           1046 Garden Avenue
                                           Niagara Falls, New York 14305

Clerk of Court
U.S. District Court
U.S. Courthouse
2 Niagara Square
Buffalo, New York  14202

Re: Lee R. Carter v Fresenius Kabi, USA, LLC, et al., 19-CV-01183(JLS)(HBS)

Dear Clerk of Court:

   Enclosed please find my original amended complaint to be filed in this Court Clerk's office pursuant to the Order of Hon. John Sinatra, Jr.

   This amended complaint has been submitted to the U.S. Marshal, 2 Niagara Square, Buffalo, N.Y. 14202 along with a money order to cover their service fee and completed U.S. Marshal Process and Return and Receipt forms, summonses, etc.

   Thank you for filing my amended complaint and your acknowledgement of receipt hereof. (A STAMPED SELF ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR ACKNOWLEDGEMENT OF RECEIPT)

                                                          Sincerely,
                                                          /S/ Lee R. Carter
                                                          Lee R. Carter

Lee R. Carter
1046 Garden Avenue
Niagara Falls, New York

USDC-WDNY
SEP 16 2020
BUFFALO

Clerk of Court
U.S. District Court
U.S. Courthouse
2 Niagara Square
Buffalo, New York
14202

19-cv-1183



7020 1290 0000 6534 5673

CERTIFIED MAIL



14202