UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Lee R. Carter,

        Plaintiff,

   v.                                              19-CV-1183 (JLS) (JJM)

FRESENIUS KABI USA, LLC,

        Defendant.
_____

## DECISION AND ORDER

*Pro se* Plaintiff Lee Carter commenced this action in New York State Supreme Court, Erie County, alleging claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981. The case was removed to this Court on September 4, 2019. Dkt. 1. United States Magistrate Judge Hugh B. Scott was originally assigned to, among other things, hear and report upon dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 17. The case was later reassigned to United States Magistrate Judge Jeremiah McCarthy to do the same. Dkt. 49.

Before the Court is Defendant Fresenius Kabi USA, LLC's motion for summary judgment. Dkt. 55. On January 12, 2022, Judge McCarthy issued a report and recommendation ("R&R") that recommends granting Defendant's motion. Dkt. 78.

Carter filed an objection, which largely takes issue with the R&R's handling of facts he alleged in his amended complaint. Dkt. 79. Carter bases his argument on facts that are "set forth in his complaint and maintained throughout this matter," *Id.* at ¶ 6, to argue that there are disputed material facts that should resolved by a jury. In response, Defendant argues that Carter's objection is improper because it fails to comply with Rules 72(b) and (c) of the Court's Local Rules of Civil Procedure, and it repeats the arguments he made in response to the motion for summary judgment. Dkt. 81. Defendant urges the Court to apply a clear error standard of review and adopt the R&R. Carter did not file a reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

The Court notes that rather than "specifically identify[ing] the portions of the proposed findings and recommendations to which [he objects,] and [providing] the basis for each objection . . . supported by legal authority," Carter's objection simply

takes issue with the R&R's analysis of the record and the resulting recommendation, generally. L. R. Civ. P. 72(b). And as noted by Defendant, most of Carter's arguments are identical to those raised in his response to Defendant's motion. As Judge Scott previously noted in this case:

> Where a party only raises general objections, a district court need only satisfy itself there is no clear error on the face of the record. Indeed, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review. Such objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal.

Dkt. 26 at 16 (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009). Accordingly, the Court need only apply a clear error standard of review. In doing so, the Court has determined that the R&R is not clearly erroneous or contrary to law. The R&R is, therefore, accepted and adopted.[1]

---

[1] The Court is also satisfied that the result would be correct even if a *de novo* standard of review applied.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   June 6, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE